**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA and STATE OF LOUISIANA,** | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| **CITGO PETROLEUM CORPORATION,** | ) ) |
| Defendant. | ) ) ) |

# CONSENT DECREE FOR

# <u>NATURAL RESOURCE DAMAGES</u>

## TABLE OF CONTENTS

I.  INTRODUCTION ................................................................................................. 1

II.  JURISDICTION AND VENUE ........................................................................ 3

III.  APPLICABILITY ............................................................................................... 4

IV.  DEFINITIONS ................................................................................................... 4

V.  STATEMENT OF PURPOSE ........................................................................... 7

VI.  PAYMENTS BY THE SETTLING DEFENDANT ...................................... 8

VII.  STIPULATED PENALTIES ............................................................................ 10

VIII. TRUSTEE-IMPLEMENTED NATURAL RESOURCE RESTORATION .......... 12

IX.  COVENANTS BY THE PLAINTIFFS ........................................................... 13

X.  COVENANTS BY THE SETTLING DEFENDANT .................................... 16

XI.  COSTS ................................................................................................................ 17

XII.  NOTICE .............................................................................................................. 17

XIII. RETENTION OF JURISDICTION ................................................................ 19

XIV. MODIFICATION ............................................................................................... 20

XV.  TERMINATION ................................................................................................ 20

XVI. PUBLIC PARTICIPATION ............................................................................. 20

XVII.  SIGNATORIES AND SERVICE ................................................................... 21

XVIII. INTEGRATION ................................................................................................ 22

XIX. FINAL JUDGMENT ......................................................................................... 22

# I.  **INTRODUCTION**

A.      Contemporaneously with the lodging of this Consent Decree, the United States of America, on behalf of the United States Department of Commerce's National Oceanic and Atmospheric Administration ("NOAA"), the United States Department of the Interior ("DOI"), and the United States Fish and Wildlife Service ("FWS"), jointly with the State of Louisiana (the "State"), appearing through the Louisiana Oil Spill Coordinator's Office, Department of Public Safety & Corrections ("LOSCO"), Louisiana Department of Natural Resources ("LDNR"), Louisiana Department of Environmental Quality ("LDEQ"), Louisiana Department of Wildlife and Fisheries ("LDWF"), and the Louisiana Coastal Protection and Restoration Authority ("CPRA"), have filed a Complaint against CITGO Petroleum Corporation ("CITGO" or "Settling Defendant") in this Court alleging that CITGO is liable to the United States and the State under Section 1002(a) and (b)(2)(A) of the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2702 (a) and (b)(2)(A), and Section 2480 of the Louisiana Oil Spill Prevention and Response Act ("OSPRA"), La. R.S. 30:2480, for damages for injury to, destruction of, loss of, or loss of use of, Natural Resources, resulting from the discharge of oil from CITGO's Lake Charles Refinery into the Calcasieu River and estuary in June of 2006.

B.      The Complaint alleges that beginning on or about June 18, 2006, millions of gallons of oil and oily wastewater (collectively, "oil") overflowed from two of CITGO's wastewater storage tanks at its wastewater treatment facility at the refinery. The secondary containment surrounding the tanks was breached and oil flowed into and upon the adjacent Indian Marais waterway and shoreline, where some of the oil was contained, and then into the Calcasieu River and estuary. These events are referred to as the "Incident." In response to the

Incident, the Trustees evaluated the potential impacts to Natural Resources and identified potential actions to restore affected Natural Resources.

C.      The Complaint further alleges that the Incident caused injury to, destruction of, loss of, or loss of use of, Natural Resources belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by the United States and the State. The Complaint also alleges that the Trustees have incurred costs in assessing the nature and extent of these injuries.

D.      The Trustees for the Natural Resources alleged to be injured by the Incident include NOAA and FWS, on behalf of the United States, and LOSCO, LDNR, LDEQ, LDWF, and CPRA, on behalf of the State. NOAA and FWS are designated as Trustees pursuant to Section 1006(b)(2) of OPA, 33 U.S.C. § 2706(b)(2), Subpart G of the National Oil and Hazardous Substances Pollution Contingency Plan ("NCP") (40 C.F.R. §§ 300.600, et seq.) and Executive Order 12580 (3 C.F.R., 1987 Comp. p. 193, 52 Fed. Reg. 2923 (January 23, 1987) as amended by Executive Order 12777 (56 Fed. Reg. 54757 (October 19, 1991)). LOSCO, LDNR, LDEQ, LDWF, and CPRA are designated as Trustees by the Governor of Louisiana pursuant to Section 1006(b)(3) of OPA, 33 U.S.C. § 2706(b)(3), and subpart G of the NCP. These same agencies serve as State Trustees under OSPRA according to La. R.S. 30:2451, et seq. and LA. ADMIN. CODE tit. 43, part XXIX, et seq. The United States and the State are coordinating injury assessment and Restoration efforts. Based on the Trustees' work to assess injuries in this case and experience with restoration efforts throughout the region, the Trustees believe the amount to be paid by the Settling Defendant as set forth in this Consent Decree constitutes adequate compensation for Natural Resource Damages arising from the Incident.

E.      The Settling Defendant neither admits nor denies the allegations in the Complaint or Consent Decree and does not admit liability for the claims filed in this action.

F.      The Parties agree, and the Court, by entering this Consent Decree, finds that this

Consent Decree has been negotiated by the Parties in good faith, that it is intended to avoid

potentially prolonged and complicated litigation among the Parties and expedite natural resource

restoration actions to be performed by the Trustees, and that it is fair, reasonable, and in the

public interest consistent with the purposes of OPA.

NOW THEREFORE, with the consent of the Parties, IT IS HEREBY ADJUDGED,

ORDERED AND DECREED as follows:

## II.  JURISDICTION AND VENUE

1.      This Court has jurisdiction over the subject matter of this action pursuant to

Section 1017(b) of OPA, 33 U.S.C. § 2717(b), and 28 U.S.C. §§ 1331 and 1345. The Court also

has supplemental jurisdiction over the State law claims alleged in the Complaint pursuant to

28 U.S.C. § 1367. Venue lies in this District pursuant to Section 1017(b) of OPA, 33 U.S.C.

§ 2717(b), and 28 U.S.C. § 1391(b), because the Settling Defendant resides in this judicial

district and a substantial part of the alleged events or omissions giving rise to the claim occurred

in this judicial district. The Court has personal jurisdiction over the Settling Defendant in

connection with this action. For the purposes of this Consent Decree, and the underlying

Complaint, the Settling Defendant waives all objections and defenses that it may have to

jurisdiction of the Court or to venue in this District. The Settling Defendant agrees that it will not

challenge this Court's jurisdiction to enter and enforce this Consent Decree.

2.      For purposes of this Consent Decree, the Settling Defendant agrees that the

Complaint states claims upon which relief may be granted pursuant to Section 1002(a) and

(b)(2)(A) of OPA, 33 U.S.C. § 2702 (a) and (b)(2)(A), and Section 2480 of OSPRA, La. R.S.

30:2480.

3

### III.  <u>APPLICABILITY</u>

3.      This Consent Decree applies to and is binding upon: the United States, on behalf of NOAA, DOI, and FWS, as designated federal trustees for Natural Resources, including those Natural Resources at, in the vicinity of, or affected by the Incident; the State, on behalf of LOSCO, LDNR, LDEQ, LDWF, and CPRA, as designated State trustees for Natural Resources, including those Natural Resources at, in the vicinity of, or affected by the Incident; and, the Settling Defendant, including, without limitation, its successors, assigns, employees, directors, officers, agents, vessels, guarantors, and underwriters, or other entities or persons otherwise bound by law. Any change in ownership or corporate status of the Settling Defendant including, but not limited to, any transfer of assets or real or personal property, whether voluntary or involuntary, shall in no way alter the Settling Defendant's rights or responsibilities under this Consent Decree. In any action to enforce this Consent Decree, the Settling Defendant shall not raise as a defense the failure by any of its officers, directors, employees, agents, or contractors to take any actions necessary to comply with the provisions of this Consent Decree.

### IV.  <u>DEFINITIONS</u>

4.      Unless otherwise expressed herein, terms used in this Consent Decree that are defined in Section 1001 of OPA, <u>33 U.S.C. § 2701</u>, and in the regulations promulgated under OPA at <u>15 C.F.R. § 990.30</u>, shall have the meaning assigned to them in OPA or in such regulations. In addition, whenever the terms set forth below are used in this Consent Decree, the following definitions shall apply:

      a.   "Complaint" shall mean the civil complaint filed in this action by the Plaintiffs.

      b.   "Consent Decree" shall mean this Consent Decree.

4

c.   "Day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or Federal or State holiday, the period shall run until the close of business of the next working day.

d.   "Effective Date" or "Entry" shall be the date upon which this Consent Decree is entered by the Court or motion to enter the Consent Decree is granted, whichever occurs first, as recorded on the Court's docket.

e.   "CITGO Lake Charles Refinery Oil Spill Restoration Account" shall mean a separate project-numbered account established within DOI's Natural Resource Damage Assessment and Restoration Fund ("DOI NRDAR Fund"), which will be funded by the Settling Defendant in accordance with Section VI (Payments by the Settling Defendant) of this Consent Decree and jointly administered by the Trustees in accordance with Section VIII (Trustee-Implemented Natural Resource Restoration).

f.   "Incident" shall mean the occurrence described in Section I.B of this Consent Decree, including, but not limited to, CITGO's discharge of oil into the Indian Marais, Calcasieu River, and the estuary in June 2006.

g.   "Interest" shall be calculated at the rate set forth in 28 U.S.C. § 1961.

h.   "Natural Resources" shall have the meaning provided in Section 1001(20) of OPA, 33 U.S.C. § 2701(20).

i.    "Natural Resource Damages" shall mean the damages described at Section 1002(b)(2)(A) of OPA, 33 U.S.C. § 2702(b)(2)(A).

j.   "Natural Resource Damage Assessment" shall mean the process of collecting, compiling, and analyzing information, statistics, or data through prescribed methodologies to determine damages for injuries to Natural Resources, as provided by law.

k.   "OPA" shall mean the Oil Pollution Act of 1990, Pub. L. No. 101-380, 104 Stat. 484, 33 U.S.C. §§ 2701-2761.

l.   "Oil Spill Liability Trust Fund" shall mean the fund defined in Section 1001(11) of OPA, 33 U.S.C. § 2701(11).

m.  "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral.

n.   "Parties" shall mean the United States, the State of Louisiana, and the Settling Defendant.

o.   "Removal Costs" and "Damages" shall have the meanings ascribed to them pursuant to Sections 1001(5), 1001(31), and 1002(b) of OPA, 33 U.S.C. §§ 2701(5), 2701(31), and 2702(b).

p.   "Restore" or "Restoration" shall mean any action or combination of actions authorized by OPA and its underlying regulations to restore, rehabilitate, replace or acquire the equivalent of any Natural Resource and services, including recreational opportunities that were injured, lost, or destroyed as a result of the Incident.

q.   "Restoration Plan" shall mean a plan or plans to be developed by the Trustees in accordance with OPA and its underlying regulations at 15 C.F.R. §§ 990.53 – 990.56.

6

r.   "Section" shall mean a portion of this Consent Decree identified by a roman numeral.

s.   "Settlement Payment" shall mean the sum total of the payments cited in Section VI (Payments by the Settling Defendant) together with any accrued Interest.

t.   "State" shall mean the State of Louisiana, and each department, agency, and instrumentality of the State of Louisiana, including the State Trustees.

u.   "State Trustees" shall mean LOSCO, LDNR, LDEQ, LDWF, and CPRA.

v.   "Subparagraph" shall mean a portion of this Consent Decree identified by a lower case letter.

w.   "Trustees" shall mean the designated federal and state officials, and their designees, who act on behalf of the public as trustees for the Natural Resources, as described in Section I, Paragraph D.

x.   "United States" shall mean the United States of America and each department, agency, and instrumentality of the United States, including NOAA, DOI, and FWS.

## V.  STATEMENT OF PURPOSE

5.   The mutual objectives of the Parties in entering into this Consent Decree are: (i) to provide funding by the Settling Defendant to the Trustees to restore, replace, or acquire the equivalent of the Natural Resources allegedly injured, destroyed, or lost as a result of the Incident; (ii) to provide payment by the Settling Defendant to the Trustees to reimburse the remaining unpaid Natural Resource Damage Assessment costs incurred by the Trustees; and (iii) to resolve the Plaintiffs' claims against the Settling Defendant for Natural Resource Damages as provided herein.

7

## VI.  PAYMENTS BY THE SETTLING DEFENDANT

6.     The Settling Defendant shall make payments totaling $19,688,149.83 to the

Plaintiffs in the manner described in Paragraphs 7 and 8 below.

7.     The Settling Defendant shall pay for Trustee-sponsored Natural Resource

Restoration work and the United States' remaining unpaid Natural Resource Damage

Assessment and Restoration planning costs that have already been incurred as follows:

    a.  Within ninety (90) Days of the Effective Date, the Settling Defendant shall

       pay a total of $19,446,224.45 to the United States. Payment shall be made

       by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of

       Justice account in accordance with current EFT procedures, referencing the

       case number and DOJ Number 90-5-1-1-09112/1. Payment shall be made in

       accordance with instructions provided to the Settling Defendant by the

       Financial Litigation Unit of the United States Attorney's Office for the

       Western District of Louisiana following entry of the Consent Decree.

    b.  Of the total amount to be paid to the United States by the Settling Defendant

       pursuant to Subparagraph 7.a:

       i.  As a joint recovery of Natural Resource Damages by the Plaintiffs,

         $19,160,000.00 shall be deposited in a segregated sub-account

         within the DOI NRDAR Fund to be managed by DOI for the joint

         benefit and use of the Trustees to pay for Trustee-sponsored

         Restoration planning, Restoration projects, and the administration of

         Trustee responsibilities in accordance with Section VIII.

ii.   Subject to the deduction required by 1994 CJS Appropriations Act, $84,410.00 shall be deposited in the DOI NRDAR Fund, to be applied toward unpaid Natural Resource Damage Assessment and Restoration planning costs incurred by DOI and FWS; and

iii.   Subject to the deduction required by 1994 CJS Appropriations Act, $201,814.45 shall be deposited in the NOAA DARR Fund, to be applied toward unpaid Natural Resource Damage Assessment and Restoration planning costs incurred by the Department of Commerce and NOAA.

8.     The Settling Defendant shall pay a total of $241,925.38 to LOSCO for unpaid Natural Resource Damage Assessment and Restoration planning costs that have already been incurred by the State Trustees. Payment shall be made within ninety (90) Days of the Effective Date and shall be made by EFT in accordance with payment instructions provided to the Settling Defendant by LOSCO following entry of the Consent Decree. The payment shall reference "Calcasieu River Oil Spill LA2006_0621_0846."

9.     At the time of the payments, the Settling Defendant shall send written notices of payment and a copy of any transmittal documentation to the Trustees in accordance with Section XII (Notice). The notice shall reflect that the payment is being made for the "CITGO Lake Charles Refinery Oil Spill Natural Resource Damages Settlement."

10.    Interest shall be paid by the Settling Defendant on any amounts not paid within the allotted time. If Interest is owed due to late payment under this Section, Interest shall accrue from the date of lodging of this Consent Decree and continue to accrue through the date of full payment. Payment of Interest shall be made in accordance with the instructions provided in the

Paragraphs 7 and 8 that correspond to the unpaid payment(s). Payment of Interest made under this Paragraph shall be in addition to such other remedies or sanctions available to the Plaintiffs for the Settling Defendant's failure to make timely payments under this Consent Decree including, but not limited to, payment of stipulated penalties pursuant to Section VII (Stipulated Penalties).

## VII.        STIPULATED PENALTIES

11.     The Settling Defendant shall pay stipulated penalties for failure to make any payments in Section VI (Payments by the Settling Defendant) at the rate of five thousand dollars ($5,000) per Day for each Day of non-compliance.

a.   Stipulated penalties shall begin to accrue on the day after payment is due and continue to accrue until the date of payment.

b.   Any stipulated penalties owed for late payment under Paragraph 7.b.ii or iii shall be paid to the United States. Any stipulated penalties owed for late payment under Paragraph 7.b.i shall be paid to the United States and the State in equally divided portions. Any stipulated penalties owed for late payment under Paragraph 8 shall be paid to the State.

c.   The United States or the State may give the Settling Defendant written notification that it has failed to make a required payment. Such notice shall describe the noncompliance and make a demand for the payment of the stipulated penalties. However, stipulated penalties shall accrue as provided in Paragraph 11.a regardless of whether the Settling Defendant has been notified of a violation. The Settling Defendant shall pay stipulated penalties within thirty (30) Days of

written demand for such stipulated penalties by certified mail, as determined by the date of mailing of the written demand.

d.  If the Settling Defendant fails to pay stipulated penalties when due, the United States and the State may institute proceedings to collect the stipulated penalties, as well as Interest as provided in Paragraph 11.e below.

e.  Interest on Stipulated Penalties. The Settling Defendant shall pay Interest on any unpaid stipulated penalties due, which shall begin to accrue on the date thirty (30) Days past the date of the written demand.

f.  Notwithstanding any other provision of this Section, either the United States or the State may, in the unreviewable exercise of its discretion, reduce or waive the stipulated penalties otherwise due to it pursuant to this Consent Decree.

g.  Nothing in this Consent Decree shall be construed as prohibiting, altering, or in any way limiting the ability of the United States and the State to seek any other remedies or sanctions available by virtue of Settling Defendant's violation of this Consent Decree or of the statutes and regulations upon which it is based.

12.     Payment Instructions for Stipulated Penalties. Any stipulated penalty payment shall be accompanied by a reference to this Consent Decree, be identified as "Stipulated Penalties," and reference the "CITGO Lake Charles Refinery Oil Spill Natural Resource Damages Settlement." Notice of payment of a stipulated penalty shall be made to the Trustees in the manner specified in Section XII (Notice).

a.  Stipulated penalty payments to the United States shall be made by FedWire EFT to the U.S. Department of Justice in accordance with written instructions to be provided to the Settling Defendant by the Financial Litigation Unit of

11

the U.S. Attorney's Office for the Western District of Louisiana. At the time of payment, the Settling Defendant shall send a copy of the EFT authorization form and the EFT transaction record, together with a transmittal letter, which shall state that the payment is for stipulated penalties owed pursuant to the Consent Decree, and shall reference the case name, civil action number, DOJ Number 90-5-1-1-09112/1, and the violations for which the stipulated penalties are being paid to the United States, in accordance with Section XII of this Decree (Notice).

    b. Stipulated penalty payments to the State shall be made in accordance with payment instructions provided to the Settling Defendant by LOSCO.

## VIII.   TRUSTEE-IMPLEMENTED NATURAL RESOURCE RESTORATION

13.    Upon receipt of the funds deposited pursuant to Paragraph 7.b.i, DOI will place the funds in the DOI NRDAR Fund account known as the "CITGO Lake Charles Refinery Oil Spill Restoration Account" to allow the funds to be maintained as a segregated account. All funds deposited in the CITGO Lake Charles Refinery Oil Spill Restoration Account in accordance with this Paragraph, including any Interest or return on investment thereon, shall be held in the account solely for use by the Trustees to jointly plan, implement, and oversee (including but not limited to drafting a Restoration Plan, providing opportunity for public awareness and input, executing agreements for project implementation, conducting monitoring activities, maintaining an administrative record, and administratively closing the case) the restoration of injuries to Natural Resources resulting from the Incident. DOI shall, in accordance with law, and for the benefit of the Trustees, manage and invest the joint funds in the account on behalf of the Trustees.

14.     The Trustees commit to the expenditure of the funds set forth in Paragraphs 7.b.i for the design, implementation, permitting (as necessary), monitoring, and oversight of Restoration projects and for the costs of complying with the requirements of the law to conduct a restoration planning and implementation process. The Trustees will use the funds to restore, rehabilitate, replace, or acquire the equivalent of any Natural Resource and its services injured, lost, or destroyed as a result of the Incident and for the oversight of these Restoration projects.

15.     The allocation of funds for specific projects or categories of projects will be contained in a Restoration Plan prepared and implemented jointly by the Trustees, for which public notice, opportunity for public input, and consideration of public comment will be provided, as required under the OPA and the National Environmental Policy Act, 42 U.S.C. §§ 4321 *et seq*. ("NEPA"). Once the public review process has been completed, the Trustees will implement the Restoration Plan with any revisions the Trustees may deem appropriate after considering any public comments. The Settling Defendant shall have no responsibility or liability for implementation of the Restoration Plan, including any future project costs other than the payments set forth in Section VI (Payments by the Settling Defendant) and subject to Paragraph 19.

16.     Decisions regarding any use or expenditure of funds under this Section shall be made by the Trustees. The Settling Defendant shall not be entitled to dispute, in any forum or proceeding, any decision relating to use of funds or Restoration efforts under this Section.

## IX. COVENANTS BY THE PLAINTIFFS

17.     In consideration of the payments and actions that have been and will be made by the Settling Defendant under this Consent Decree, the United States and the State covenant not to sue or take administrative action against the Settling Defendant pursuant to Section 1002(a)

and (b) of OPA, 33 U.S.C. § 2702(a) and (b), and Section 2480 of OSPRA, La. R.S. 30:2480, for

Natural Resource Damages resulting from, arising out of, or related to the Incident. This

covenant not to sue is conditioned upon receipt by the United States and the State of all

payments required by Section VI (Payments by the Settling Defendant) and, as applicable,

Section VII (Stipulated Penalties) of this Consent Decree.

18.     Reservations of Rights. Notwithstanding any other provision of this Consent

Decree, the United States and the State reserve, and this Consent Decree is without prejudice to,

all rights against the Settling Defendant with respect to all matters other than those expressly

specified in the covenants not to sue set forth in Paragraph 17 of this Section, including, but not

limited to:

   a.   Claims against the Settling Defendant for its failure to meet a requirement of this
        Consent Decree;

   b.   Claims against the Settling Defendant for Natural Resource Damages that are not
        a result of the Incident;

   c.   Claims against the Settling Defendant for criminal liability associated with the
        Incident;

   d.   Claims against the Settling Defendant for civil penalties and injunctive relief
        under the Clean Water Act associated with the Incident;

   e.   Claims, other than claims for Natural Resource Damages related to the Incident,
        against the Settling Defendant that the State, or the United States on behalf of the
        United States Environmental Protection Agency and the United States Coast
        Guard, may have under any applicable law, including for recovery of OPA
        Removal Costs.

19.     Special Reservations Regarding Natural Resource Damages. Notwithstanding any other provision of this Consent Decree, the United States and the State reserve the right to institute proceedings against the Settling Defendant in this action or in a new action seeking recovery of Natural Resource Damages based on:

a.   conditions caused by the Incident, unknown by the Trustees as of the date of the lodging of this Consent Decree, that cause new or additional injury to, destruction of, loss of, or loss of use of such Natural Resources; or

b.   information received by the Trustees after the date of lodging of this Consent Decree indicating that the Incident has resulted in new or significant additional injury to, destruction of, loss of, or loss of use of, such Natural Resources which injury is of a type that was unknown or a magnitude greater than was known by the Trustees as of the date of lodging of this Consent Decree.

c.   For purposes of this Paragraph, conditions or information known or in receipt of the Trustees shall consist of any information in the files of, or otherwise in the possession of, any one of the Trustees, or their contractors, subcontractors, or consultants who worked on the Trustees' Natural Resource Damage Assessment as of the Date of Lodging of this Consent Decree. Furthermore, an increase solely in the Trustees' assessment of a known injury to, destruction of, or loss of Natural Resources related to the Incident due to advances in scientific understanding of Natural Resources or changes to Trustee assessment methodologies shall not constitute an unknown condition or new information.

20.     Pursuant to 33 U.S.C. § 2715(c), the United States expressly reserves, and the Settling Defendant expressly acknowledges, the right of the United States to institute

15

proceedings, to take judgment thereon, and collect such judgment(s) thereon against the Settling Defendant in this action, to seek and recover Removal Costs and/or Damages resulting from the Incident based on claims submitted to or filed against the United States, including claims against the Oil Spill Liability Trust Fund, after the date when this Decree is lodged with this Court. The Settling Defendant reserves all defenses as to substantive claims pursued in any such proceeding.

21.     This Consent Decree shall not preclude the United States or the State from instituting a separate or ancillary action to enforce the terms of this Consent Decree.

22.     Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. In addition, nothing in this Consent Decree shall limit, enlarge, or otherwise affect, the private rights or claims of any person not a Party to this Consent Decree, except as may be determined otherwise by a court of competent jurisdiction.

## X.     COVENANTS BY THE SETTLING DEFENDANT

23.     The Settling Defendant hereby covenants not to sue and agrees not to assert any claims or causes of action against the United States or the State, and their employees, agents, contractors, departments, agencies, administrations and bureaus, related to Natural Resource Damages arising from the Incident, including, without limitation, any potential or pending claims against the Oil Spill Liability Trust Fund relating to the Incident. The Settling Defendant reserves, and this Consent Decree is without prejudice to, all rights with respect to all matters not expressly included within this Covenant Not to Sue, including all rights with respect to all matters reserved in Section IX.

24.     In any subsequent administrative or judicial proceeding initiated by the United States or the State for injunctive relief, penalties, costs, damages, criminal liability, or other

appropriate relief relating to the Incident, the Settling Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim preclusion, claim-splitting, or other defenses based upon a contention that the claims raised by the United States or the State in the subsequent proceeding were or should have been brought in the instant case, except with respect to claims that have been specifically resolved pursuant to Paragraph 17.

## XI.  COSTS

25.     The Plaintiffs shall be entitled to collect from the Settling Defendant the costs (including reasonable attorneys' fees) incurred in any action necessary to collect any portion of the amounts due under Section VI (Payments by the Settling Defendant), or any stipulated penalties due but not paid under Section VII (Stipulated Penalties).

## XII.   NOTICE

26.     Unless otherwise specified herein, whenever notifications, submissions, or communications are required by this Consent Decree, they shall be made in writing and addressed to those listed below. All notices under this Section are effective upon receipt, unless otherwise specified. Except as otherwise provided, notice to a Party by email (if that option is provided below) or by regular mail in accordance with this Section satisfies any notice requirement of this Consent Decree regarding such Party.

As to the United States:

      For the Department of Justice

      EES Case Management Unit
      Environment and Natural Resources Division
      United States Department of Justice
      P.O. Box 7611
      Washington, DC  20044-7611
      eescdcopy.enrd@usdoj.gov

Re: DOJ Number 90-5-1-1-09112/1

For NOAA

National Oceanic and Atmospheric Administration
Office of General Counsel
Natural Resources Section
Attn: Jared J. Piaggione, Attorney-Advisor
1315 East-West Highway
SSMC3, Suite 15106
Silver Spring, MD 20910
jared.piaggione@noaa.gov


National Oceanic and Atmospheric Administration
Assessment and Restoration Division
Southeast Regional Office
Attn: Dan Hahn, Regional Resource Coordinator
263 13th Avenue South
St Petersburg, FL 33701
daniel.hahn@noaa.gov


For the Department of Interior

Trish Cortelyou-Hamilton
Attorney-Advisor
U.S. Department of the Interior
Office of the Solicitor
75 Ted Turner Drive, S.W., Room 304
Atlanta, Georgia 30303

As to the State of Louisiana:

Louisiana Oil Spill Coordinator's Office
Attn: Karolien Debusschere, Deputy Coordinator
Attn: Stephanie Morris, Attorney
7979 Independence Blvd., Suite 104
Baton Rouge, Louisiana  70806
karolien.debusschere@la.gov
stephanie.morris@la.gov


As to the Settling Defendant:

William S. Booth

18

Sr. Corporate Counsel Refinery Operations
CITGO Petroleum Corporation
135th & New Avenue
Lemont, Illinois 60439
WBOOTH@citgo.com

Christopher Newcomb
General Manager, Health, Safety, Security and Environmental
CITGO Petroleum Corporation
1293 Eldridge Parkway (W3044)
Houston, TX 77077
cnewco1@citgo.com

Phyllis Holifield
Manager, Environmental Protection Department
CITGO Petroleum Corporation
1601 Highway 108 East
Sulphur, LA 70665

Louis Buatt
Attorney for CITGO Petroleum Corporation
Liskow & Lewis
701 Poydras Street, Suite 5000
New Orleans, LA 70139
lbuatt@liskow.com

27.     Any Party may, by written notice to other Parties, change its designated notice recipient or notice address provided above.

## XIII.   RETENTION OF JURISDICTION

28.     This Court retains jurisdiction over both the subject matter of this Consent Decree and the Parties for the duration of the performance of the terms and provisions of this Consent Decree for the purpose of enabling any of the Parties to apply to the Court at any time for such further order, direction, and relief as may be necessary or appropriate for the construction or modification of this Consent Decree, or to effectuate or enforce compliance with its terms.

## XIV.   <u>MODIFICATION</u>

29.     The terms of this Consent Decree may be modified only by a subsequent written agreement signed by all Parties. Where the modification constitutes a material change to any term of this Consent Decree, it shall be effective only upon approval by the Court.

30.     In any dispute concerning modification of this Consent Decree, the Party seeking modification bears the burden of demonstrating that it is entitled to the modification in accordance with <u>Federal Rule of Civil Procedure 60(b)</u>.

## XV.   <u>TERMINATION</u>

31.     This Consent Decree will terminate automatically upon completion of the payments by the Settling Defendant of the amounts required under Section VI (Payments by the Settling Defendant) and payment of any applicable stipulated penalties under Section VII (Stipulated Penalties).

## XVI.   <u>PUBLIC PARTICIPATION</u>

32.     This Consent Decree shall be lodged with the Court for at least thirty (30) Days for public notice and comment in accordance with Section 1006(c)(5) of OPA, <u>33 U.S.C. § 2706(c)(5)</u>, <u>28 C.F.R. § 50.7</u>, and La. ADMIN. CODE tit. 43, part XXIX, §§ 131, 135.

33.     The United States and the State reserve the right to withdraw or withhold their consent to the Consent Decree if comments received regarding the Consent Decree disclose facts or considerations that indicate the Consent Decree is inappropriate, improper or inadequate. In addition, in the event one Plaintiff withdraws from this Consent Decree, the remaining Plaintiff and the Settling Defendant will have the right to withdraw from this Consent Decree.

34.     The Settling Defendant consents to the entry of this Consent Decree without further notice, except as provided in the second sentence of Paragraph 33, and agrees not to withdraw or oppose entry of the Consent Decree or to challenge any provision of the Consent Decree.

35.     If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XVII.     SIGNATORIES AND SERVICE

36.     The Assistant Attorney General for the Environment and Natural Resources Division of the Department of Justice or designee and the undersigned representatives of the Settling Defendant and the State each certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the Party he or she represents to this document.

37.     This Consent Decree may be signed in counterparts, and its validity shall not be challenged on that basis.

38.     The Settling Defendant agrees to accept service of process by mail with respect to all matters arising under or relating to this Consent Decree and to waive the formal service requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure and any applicable Local Rules of this Court including, but not limited to, service of a summons. The Settling Defendant need not file an answer to the Complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

## XVIII.  <u>INTEGRATION</u>

39.     This Consent Decree constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in the Consent Decree and supersedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied therein. No other document, nor any representation, inducement, agreement, understanding, or promise, constitutes any part of this Consent Decree or the settlement it represents, nor shall it be used in construing the terms of this Consent Decree.

## XIX.      <u>FINAL JUDGMENT</u>

40.     Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between and among the Parties for the Natural Resource Damages settled herein. The Court enters this judgment as a final judgment under <u>Fed. R. Civ. P. 54</u> and 58.

SO ORDERED THIS 31st DAY OF August, 2021.


JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE

Signature Page to Consent Decree in *United States et al. v. CITGO Petroleum Corporation*

**FOR PLAINTIFF THE UNITED STATES OF AMERICA:**

ELLEN MAHAN
Acting Deputy Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

June 16, 2021                              _____*/s/ Jason T. Barbeau*_____
Date                                       JASON T. BARBEAU
                                           Senior Trial Attorney (D.C. Bar No. 468200)
                                           Environmental Enforcement Section
                                           Environment and Natural Resources Division
                                           United States Department of Justice
                                           P.O. Box 7611, Ben Franklin Station
                                           Washington, DC 20044
                                           (202) 616-8908 (telephone)
                                           (202) 616-6584 (facsimile)
                                           jason.barbeau@usdoj.gov

ALEXANDER C. VAN HOOK
Acting United States Attorney
Western District of Louisiana

KAREN J. KING (#23508)
Assistant United States Attorney
800 Lafayette Street, Suite 2200
Lafayette, LA 70501-6832
Telephone: (337) 262-6618
Facsimile: (337) 262-6693
karen.king@usdoj.gov

Signature Page to Consent Decree in *United States et al. v. CITGO Petroleum Corporation*

**FOR PLAINTIFF THE STATE OF LOUISIANA:**

**LOUISIANA OIL SPILL COORDINATOR'S OFFICE,
DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS**

6/8/21
Date

Samuel E. Jones
Louisiana Oil Spill Coordinator

24

Signature Page to Consent Decree in *United States et al. v. CITGO Petroleum Corporation*

**FOR PLAINTIFF THE STATE OF LOUISIANA:**

**LOUISIANA COASTAL PROTECTION AND RESTORATION AUTHORITY**

6/7/21
Date

Kyle R. "Chip" Kline, Jr.
Chairman

**Signature Page to Consent Decree in** *United States et al. v. CITGO Petroleum Corporation*

**FOR PLAINTIFF THE STATE OF LOUISIANA:**

**LOUISIANA DEPARTMENT OF ENVIRONMENTAL QUALITY**

6/7/2021
Date

Chuck Carr Brown, Ph.D.
Secretary

26

Signature Page to Consent Decree in *United States et al. v. CITGO Petroleum Corporation*

**FOR PLAINTIFF THE STATE OF LOUISIANA:**

**LOUISIANA DEPARTMENT OF NATURAL RESOURCES**

6-8-2021
Date

Thomas F. Harris
Secretary

27

Signature Page to Consent Decree in *United States et al. v. CITGO Petroleum Corporation*

**FOR PLAINTIFF THE STATE OF LOUISIANA:**

**LOUISIANA DEPARTMENT OF WILDLIFE AND FISHERIES**

_____
Date  6/8/2021

For:  _____
Jack Montoucet
Secretary

28

**Signature Page to Consent Decree in *United States et al. v. CITGO Petroleum Corporation***

**FOR DEFENDANT CITGO PETROLEUM CORPORATION:**

6-14-21
_____
Date

Jerry Dunn
Vice President CITGO Lake Charles Refinery


Louis Buatt
Liskow & Lewis
701 Poydras Street, Suite 5000
New Orleans, LA 70139
lbuatt@liskow.com

*Counsel for CITGO Petroleum Corporation*

29